IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

FREDERICK L. BRYANT,

    Appellant,

        v.

PI-HSIANG COOK,

    Appellee.

Civil Action No. 8:12-cv-00319-AW

**MEMORANDUM OPINION**

    This case presents a bankruptcy appeal. The essential question is whether the bankruptcy court erred in denying the Appellant's Motion for Reconsideration of the Bankruptcy Court's Order Granting Appellee's Motion for Summary Judgment (Motion for Reconsideration). For the following reasons, the Court **AFFIRMS** the bankruptcy court's decision.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

    This appeal arises out of a Chapter 7 bankruptcy case that Appellant filed on February 2, 2010. Appellee commenced an adversary case by filing a complaint against Appellant.

    On November 19, 2010, Appellee filed a Motion for Summary Judgment. Appellant received electronic notice of the Motion on the same day. *See Cook v. Bryant*, Adversary Proceeding #: 10-00292, Doc. No. 58-1 at 5. Furthermore, counsel for Appellee filed an affidavit of service by certified mail certifying that he mailed it to Appellant's counsel on November 19, 2010. *See id.*, Doc. No. 26. On December 1, 2010, Appellee filed an Amended Motion for Summary Judgment (Amended Motion). Appellant also received electronic notification of the Amended Motion. *See id.*, Doc. No. 17. The Amended Motion was substantively equivalent to

1

the Motion for Summary Judgment. *See id.*, Doc. Nos. 17–18. Appellant failed to respond to Appellee's Amended Motion. Accordingly, the bankruptcy court entered an order granting Appellee's Amended Motion. *Id.*, Doc. No. 31.

On October 28, 2011, over ten months after the bankruptcy court granted Appellee's Amended Motion, Appellant filed his Motion for Reconsideration. In his Motion for Reconsideration, Appellant argued that Appellee did not serve the Amended Motion on him until December 1, 2010 and, therefore, his response was not due until December 22, 2010 under Bankruptcy Rule 7056. Therefore, because the bankruptcy court granted the Amended Motion on December 21, 2010, Appellant concludes that he did not have a chance to respond to the Amended Motion.[1]

On December 20, 2011, the bankruptcy court held a hearing on Appellant's Motion for Reconsideration. *See id.*, Doc. No. 46. The bankruptcy court denied the Motion for Reconsideration. *See id.*, Doc. No. 58-1. The bankruptcy court found that Appellant received electronic notification of the Motion for Summary Judgment on November 19, 2010. Furthermore, the bankruptcy court found unpersuasive the "personal issues" Appellant's counsel advanced to justify his tardy response to the bankruptcy court's order granting the Amended Motion.[2] Additionally, the bankruptcy court determined that granting the Motion for Reconsideration would prejudice Appellee because Appellee engaged in state court litigation after the bankruptcy court entered the order based on the entry of the order. *See Cook v. Bryant*,

---

[1] Appellant's assertion that he had 21 days to respond to the Amended Motion is incorrect. The Federal Rules of Bankruptcy Procedure in effect at the time provided that a party opposing a motion for summary judgment had 21 days to respond unless, inter alia, "a different time is set by local rule." Fed. R. Bankr. P. 7056(c)(1) (2010). Then, as now, the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland provided that any "memorandum in opposition to a motion must be filed within fourteen (14) days from the date of service." *See* Local Bankr. R. 9013-1(b)(3) (2010).

[2] During the hearing, Appellant communicated these "personal issues" to the bankruptcy court off the record. During this appeal, Appellant has not specified, or even made an attempt to specify, these "personal issues."

AP #: 10-00292, Doc. No. 58-1 at 7, 9–10. Therefore, the bankruptcy court concluded that Appellant could not satisfy the standard for relief from an order under Bankruptcy Rule 9024, which, with exceptions irrelevant here, incorporates the standard under Rule 60 of the Federal Rules of Civil Procedure.

## II.     STANDARD OF REVIEW

A bankruptcy court's factual findings are reviewed for clear error. *In re Litton*, 330 F.3d 636, 642 (4th Cir. 2003). Its conclusions of law, in contrast, are reviewed de novo. *Id.* Mixed questions of law and fact are also reviewed de novo. *Id.*

## III.    LEGAL ANALYSIS

"The consideration of Rule 60(b) motions proceeds in two stages." *Nat'l Credit Union Admin. Bd. v. Graym*, 1 F.3d 262, 264 (4th Cir. 1993). "First there is the question of whether the movant has met each of three threshold conditions." *Id.* "[I]n order to obtain relief from a judgment under Rule 60(b), a moving party must show that his motion is timely, that he has a meritorious defense to the action, and that the opposing party would not be unfairly prejudiced by having the judgment set aside." *Id.* (alteration in original) (citation and internal quotation marks omitted). At times, the Fourth Circuit has also recognized a fourth threshold showing, to wit, "exceptional circumstances." *Id.* (citation omitted).

In terms of timing, Rule 60(c) provides as follows: "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order . . . ." Fed. R. Civ. P. 60(c). Rule 60(b)(1) provides that, if otherwise proper, courts may relieve parties from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." *See* Fed. R. Civ. P. 60(b)(1). For its part, Rule 60(b)(6) provides

3

that courts may relieve parties from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

In this case, Appellant has not shown that he filed his Motion for Reconsideration in a timely fashion. It is undisputed that Appellant filed his Motion for Reconsideration over ten months after the bankruptcy court entered its order granting the Amended Motion. Nor is there a dispute about whether Appellant received notice of the order. Although Appellant states that he had "personal issues" that prevented him from moving for reconsideration sooner, the bankruptcy court found these issues unpersuasive. As Appellant has not specified what these issues were, the Court finds no error in the bankruptcy court's conclusion.

Appellant appears to assert that Rule 60(c) gave him one year to move for reconsideration. The Court disagrees. Rule 60(c) provides that Rule 60(b) motions must be "made within a reasonable time." Fed. R. Civ. P. 60(c). Although Rule 60(c) further states that parties may move for reconsideration "no more than a year after the entry of the judgment," this provision sets only a ceiling on the amount of time parties may delay before moving for reconsideration. *See* Fed. R. Civ. P. 60(c). It does not imply that parties may wait for a year any time they wish to move for reconsideration based on allegations of mistake.

Moreover, the Court disagrees with Appellant's assertion that he grounds his Motion for Reconsideration on "mistake" within the meaning of Rule 60(b). The alleged mistake is that the bankruptcy court entered the order under the incorrect assumption that Appellant had received proper notice of Appellee's Amended Motion. This argument reflects a distortion of the record and a misapprehension of the applicable procedural rules. The bankruptcy court found at the hearing, and the bankruptcy docket reflects, that Appellant received notice of the Motion for Summary Judgment on November 19, 2010. Although Appellee filed an Amended Motion on

4

December 1, 2010, the amendment was pro forma and did not alter the substance of the Motion for Summary Judgment. Therefore, when the bankruptcy court granted the Amended Motion, Appellant had had over a month's worth of notice. Furthermore, as explained in footnote one, *supra*, the applicable procedural rules gave Appellant only fourteen days to respond to the Amended Motion. Thus, assuming that the filing of the Amended Motion reset Appellant's time for responding, Appellant's response would have been due on December 15, 2010, not December 22, 2010 as he alleges. Hence, Appellant's argument is not one of "mistake" and is truly a contention that the circumstances surrounding Appellee's filing of the Amended Motion constitute "any other reason that justifies relief" under Rule 60(b)(6). This being so, the only question is whether Appellant filed the Rule 60(b) motion "within a reasonable time." Here, for the foregoing reasons, Appellant cannot make this showing.

    Another observation shows that Appellant failed to move for reconsideration within a reasonable time. Appellant (incorrectly) insists that the bankruptcy court should have given him until December 22, 2010 to respond to the Amended Motion. Thus, Appellant implies that he would have responded to the Amended Motion had the bankruptcy court given him just one more day to do so. However, when the bankruptcy court entered the order granting the Amended Motion on December 21, 2010, Appellant did not file or attempt to file his response on the following day even though he should have completed it by then. Nor did Appellant otherwise address the subject with the bankruptcy court. Instead, Appellant let more than ten months go by and then moved for reconsideration. Had Appellant truly been ready to respond on December 22, 2010, it is highly unlikely that he would have sat by idly for over ten months before taking corrective action.

5

A favorable ruling on Appellant's Motion for Reconsideration also would have unfairly prejudiced Appellee. Appellant does not meaningfully respond to Appellee's assertion that he engaged in state court litigation based on the bankruptcy court's order and that the state court conditioned its judgment on the bankruptcy court's order. Therefore, reversing the bankruptcy court portends to upset the finality of the state court litigation. Although this outcome may be foreseeable in some circumstances, Appellee had no reason to believe that Appellant would challenge the bankruptcy court's order. After all, Appellant did not respond to either the Motion for Summary Judgment or the Amended Motion within the time that the applicable procedural rules prescribed. Likewise, Appellant allowed a large amount of time to elapse after the bankruptcy court entered the order even though the state litigation churned onward. Therefore, the bankruptcy committed no error in determining that granting Appellant's Motion for Reconsideration would have unfairly prejudiced Appellee.

## IV.   CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the bankruptcy court's decision. A separate Order follows.

| January 30, 2013 | /s/ |
|---|---|
| Date | Alexander Williams, Jr. |
| | United States District Judge |